## Case No. 15,798.
### UNITED STATES v. MONTELL.
[Taney, 47.] [1]
Circuit Court, D. Maryland. April Term, 1841.

PENALTIES—WHAT ARE—SUM SECURED BY BOND —DISTRIBUTION.

The act of congress of December 31. 1792. c. 45, § 7 [1 Story's Laws, 271; 1 Stat. 290. c. 1]. provides in effect that previous to any registry

[1] [Reported by James Mason Campbell, Esq., and here reprinted by permission.]

of a ship or vessel, the ship's husband, or acting and managing owner, together with the master thereof, and one or more sureties, shall become bound to the United States in a certain sum (according to the size of the vessel) that such registry shall be solely used for the vessel for which it is granted, and shall not be sold, lent or otherwise disposed of, to any person or persons whatsoever; and if the vessel be lost, or shall, by other disaster, be prevented from returning to the port, and the registry be preserved; or if the vessel be sold, in whole or in part, to a foreigner, that the register in such cases shall be delivered up to the collector, within certain times specified in the act. The 29th section of the same law declares that all the penalties and forfeitures incurred for offences against that act may be sued for and recovered in such courts, and be disposed of in such manner, as penalties and forfeitures which may be incurred for offences against the act of August 4, 1790, c. 62 [1 Story's Laws, 117; 1 Stat. 145, c. 35], and by this last-mentioned act, one moiety of all penalties, fines and forfeitures (not otherwise appropriated) are to be divided in equal portions between the collector, naval officer and surveyor. Judgment was recovered in the district court, on a bond given under the above-mentioned act, and a petition was filed by the collector, claiming one moiety of the sum recovered for himself and the naval officer and surveyor, on the ground that it was a penalty or forfeiture for an offence against the act of congress. Held, that the sum secured by a bond given under that act, is a penalty or forfeiture inflicted by the sovereign power for a breach of its laws. and is to be distributed in the mode provided for such penalties and forfeitures by the 29th section. It is not a liquidated amount of damages due under a contract. but a fixed and certain punishment for an offence; and it is not the less a penalty and a punishment, because security is taken before the offence is committed, in order to secure the payment of the fine, if the law should be violated.

[Cited in Allen v. U. S., Case No. 240. Quoted in Clark v. Barnard, 108 U. S. 458, 2 Sup. Ct. 891. Cited in brief in U. S. v. Cutajar, 59 Fed. 1001.]

[Appeal from the district court of the United States for the district of Maryland.]

[This was a suit by the United States against Francis T. Montell upon a bond given for the proper return of his vessel's register. Judgment was had upon the bond in the district court. and the sum of $1,200 paid. The collector of customs thereupon filed his petition in the district court, praying that a moiety of the sum recovered be paid to him and to the naval officer and surveyor. The district court dismissed the petition (case unreported), and the cause is now heard on appeal.]

N. Williams, U. S. Dist. Atty.
Wm. F. Frick, for petitioner.

TANEY, Circuit Justice. This is an appeal from the decree of the district court, and the point in dispute will be better understood by stating, in the first instance, the provisions of the acts of congress upon which it depends.

The act of December 31, 1792, c. 45, § 7 [1 Story's Laws, 271; 1 Stat. 290, c. 1], entitled "An act concerning the registering and recording of ships or vessels," provides, that previous to any registry of a ship or

vessel, the ship's husband, or acting and managing owner, together with the master thereof, and one or more sureties, shall become bound to the United States in a certain sum (according to the size of the vessel), that such registry shall be solely used for the vessel for which it is granted, and shall not be sold, lent or otherwise disposed of, to any person or persons whatsoever; and if the vessel be lost, or shall by other disaster be prevented from returning to the port, and the registry be preserved; or if the vessel be sold, in whole or in part, to a foreigner, that the register in such cases shall be delivered up to the collector, within certain times specified in the act of congress. I do not give the words of the section, nor detail all of its particular provisions on this subject; I merely state enough to explain its object and intention. Its main object is to secure the return of the register, and to preserve it from improper use; and for that purpose, it requires both the master and the ship's husband, or acting and managing owner to become bound in the sums mentioned in the law

The 29th section of the same law declares, that all the penalties and forfeitures incurred by offences against that act, may be sued for, prosecuted and recovered, in such courts, and be disposed of, in such manner, as penalties and forfeitures which may be incurred for offences against the act of August 4, 1790, c. 62 [1 Story's Laws, 117; 1 Stat. 145, c. 35], and by this last-mentioned act, one moiety of all penalties, fines and forfeitures (not otherwise appropriated) are to be divided in equal portions between the collector, naval officer and surveyor.

The case now before the court arises upon the foregoing sections of these two acts of congress. Francis T. Montell, the owner, became bound with John B. Corner, the master, and James E. Montell, their surety, for the return of the register of the Elvira, in the sum of $1200. The register was not returned according to law; whereupon suit was brought on the bond, and a judgment recovered against the two Montells, in the district court, and the money paid into court, where it still remains under the agreement filed. The collector thereupon filed his petition in the district court, praying that a moiety of the sum recovered should be paid to him and the two other officers before mentioned; and the question presented by his petition is this:—Is the sum recovered upon the bond of Montell a penalty or forfeiture recovered for an offence against the act of congress? If it is, then the officers above mentioned are entitled to the moiety they claim. The district court was of opinion that the sum recovered was not a penalty or forfeiture for an offence against the act of congress, and therefore dismissed the petition; and from this decision the collector has appealed to this court.

The question is one of some difficulty. Penalties and forfeitures imposed by statute are not usually provided for by bond and security given in advance. The sum recovered from Montell is recovered upon a contract; the action was brought upon a contract; and was not and could not have been brought in any of those forms which are usually necessary for the recovery of fines or forfeitures imposed by law. Yet this sum was, in truth, forfeited by Montell, by reason of his violation of a duty imposed by the act of congress; it was a specific penalty upon the owner and master, for the commission of a particular offence against the policy of that law. And although the amount was secured by bond given for the performance of the duty, yet this duty was a part of the same policy with other duties mentioned in the act, and for which other penalties are inflicted; a moiety of which last-mentioned penalties, it is admitted, go to the collector, naval officer and surveyor.

Thus, for example, the eleventh section of the act, authorizes a citizen who purchases a vessel out of the district where he resides (in which all vessels owned by him ought to be registered), to register the vessel in the district in which she may be; and the section requires the certificate of registry to be delivered up to the collector, upon the arrival of the vessel within the district to which she legally belongs; and if it is not so delivered, the owner or owners, and the master, severally forfeit one hundred dollars.

So, too, in section 12, a vessel purchased by an agent for a citizen of the United States, in a district more than fifty miles distant from the one to which she would legally belong, after such purchase, is entitled to be registered in the district where she may be at the time of the purchase, and the certificate of registry is required to be delivered up to the collector, upon her arrival in her own proper district, and the master, and owner or owners, severally forfeit one hundred dollars, if it is not so delivered.

So again, in section 13, a mode is pointed out by which a master, having lost or mislaid the register of his vessel, may obtain a new one, in a district to which his vessel does not belong, and where, therefore, she is not entitled regularly to be registered; but he is required to deliver it up to the collector of the port to which the vessel belongs, within ten days after her arrival in the district, and if he fails to do so, he forfeits one hundred dollars.

So also, in section 14, when a vessel is sold to another citizen of the United States, or she is altered or built upon in the manner mentioned in the law, her former certificate of registry is required to be delivered up, and the vessel to be registered anew; and if the former one is not delivered up, the owners forfeit five hundred dollars.

Now, as respects the forfeitures and penalties mentioned in these four sections, the one moiety is, unquestionably, given to the collector, naval officer and surveyor; and it is not easy to imagine that the penalty, se-

cured by bond, in the seventh section, was to be disposed of in a different manner. All of these sections, including the seventh, require the return of the certificate of registry, in cases where the vessel to which it was granted is lost, or can no longer lawfully use it, and all of them inflict penalties for not returning it as required by law. In this respect the penalty under the seventh section is, in principle and policy, the same with the penalties imposed by the other sections; and the only difference between them is, that in this section security is given for the amount, and a contract made to pay it, in case the offence shall be committed. But is it less a penalty on that account?

It certainly is not to be regarded as a bond with a collateral condition, in which the jury are to assess the damages which the United States shall prove that they have sustained; for, according to that construction, the amount of damages would not depend upon the amount of the penalty prescribed in the section, which is graduated according to the size of the vessel, but would depend upon the discretion of different juries, and larger damages might be given where the penalty was only four hundred dollars, than in a case where the penalty was two thousand. This, obviously, is not the intention of the law; and the United States are entitled to recover the whole sum, for which the party is bound if any one of the conditions are broken. Besides, how could the United States prove any particular amount of damages to have been sustained by them in a suit on this bond? What do they lose? It would be difficult, I think, by any course of proof, or any process of reasoning, to show that the United States had sustained any particular amount of damages in a case of this description, or to adopt any rule by which the damages could be measured by a jury, or be liquidated by agreement between the parties.

The sum, for which the parties are to become bound, is manifestly a penalty or forfeiture, inflicted by the sovereign power for a breach of its laws. It is not a liquidated amount of damages due upon a contract, but a fixed and certain punishment for an offence. And it is not the less a penalty and a punishment, because security is taken before the offence is committed, in order to secure the payment of the fine if the law should be violated.

This view of the subject is strengthened by the provision in the act which requires that the managing owner, and the master of the vessel, shall both be parties to the bond. The object of this regulation is obvious. They are the persons who have the custody and control of the certificate of registry, and are therefore the proper objects of punishment, if it is not delivered up according to law; they are required to be parties, in order that the penalty, the punishment for the offence, may be imposed upon them. If this is not the object, if the design is merely to secure

the United States against damages, liquidated or unliquidated, it would not matter who were bound in the bond, provided they were able to pay; any other obligors, with sufficient sureties, would be as available to the United States for damages, liquidated or unliquidated, as the owner or master of the vessel; yet, no bond, however well secured, can be received under this section, unless both the owner and master are parties. It is not damages, therefore, that are intended to be secured, but punishment intended to be inflicted upon those who are justly and properly responsible for any improper use of the vessel's register; and if the offence is committed, and the sum is secured for which they are bound, it is the recovery of a penalty imposed by the act of congress.

It is, moreover, worthy of remark, that the penalties imposed in the 11th and 12th sections, for not delivering up the certificate of registry, are, like those in the 7th section, imposed upon both the master and the owner; and this would appear to be done, because, in the cases provided for in these two sections, as well as those mentioned in the 7th, the certificate would, at different times, necessarily, according to the ordinary course of business, be in the custody of each of them; and the reason for not requiring bond with surety, in the cases mentioned in the 11th and 12th sections, would seem to be, that the registry is obtained in a district where the owner does not reside, and where, therefore, he might find it difficult to procure the security. But the penalty is inflicted upon the same description of persons, and for the same purposes, as that directed to be secured in the 7th section; and I perceive nothing in the act from which it can be inferred that they are to be disposed of differently, when they are recovered from the offending party. The words of the act evidently include them; it declares "that all the penalties and forfeitures which may be incurred for offences against that act," shall be distributed in the manner hereinbefore mentioned. The money now in question is, undoubtedly, a penalty, and has been recovered as such for the offence against that act; and when the words of the law so plainly embrace the case, and its general scope and policy lead to the same conclusion, the form in which the penalty is secured is not, of itself, sufficient to authorize the court to restrain the meaning of the act of congress within narrower limits than its words import.

I am not aware that there has been any decision upon the point now before me, in any of the other circuits of the United States. The reasoning, however, of the court in the case of U. S. v. Hatch [Case No. 15,325], corroborates the opinion I have expressed. That was a suit upon a bond for four hundred dollars, conditioned for the return of the ship's crew, as prescribed by the act of February 20, 1803, c. 62, § 1 [2 Story's

Laws 883; 2 Stat. 203, c. 9], and which, mutatis mutandis, is the same in form and in principle with the one I am now considering. The question in that case was, whether damages were to be assessed by the jury, or the whole penalty recovered as liquidated damages. Mr. Justice Thompson, in delivering the opinion of the court, remarks, that he considers the construction of that act "the same as if it had expressly declared that, if the master did not comply with the duties therein required, he should forfeit the sum of four hundred dollars; and the reason why a bond is to be given, is, that security is required, and there must be some way in which the surety shall signify his assent to the undertaking." This reasoning is perfectly just, and applies equally to the case before me. It is the only ground upon which it can be maintained, that the whole penalty is absolutely forfeited by a breach of any one of the conditions.

It is true, that in the case above quoted, the sum for which the parties are bound is treated as liquidated damages, in the argument at the bar, and in the opinion of the court. The distinction is not there noticed between liquidated damages for the violation of a contract, by reason of which one party was damnified, and a fixed penalty imposed, by way of forfeiture, by the sovereign authority, for a breach of the law; and the construction given to the act of 1803, as above stated, which considers the penalty as a forfeiture for an offence, is hardly consistent with the notion that it is also to be regarded as liquidated damages; but the attention of the court was not drawn to this distinction, and the case before them did not require it.

Assuming the rule of construction, in relation to the act of 1803, to be the one above mentioned, and applying it to the act now in question, by the same rule it will follow, that the sum recovered on the bond in this case, is to be considered as a forfeiture for an offence. In other words, it is a fixed penalty, imposed by law as a punishment for a breach of duty enjoined by law, and must be treated as such, in the appropriation to be made of it under the act of congress.

The decree of the district court must, therefore, be reversed, and one moiety of the sum recovered be equally divided between the collector, naval officer and surveyor.

[See Case No. 9,723.]

UNITED STATES (MONTELL v.). See Case No. 9,723.