## UNITED STATES *v.* ZERBEY ET AL.

ON CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

No. 790. Argued March 3, 1926.—Decided May 24, 1926.

A surety bond, required by the Commissioner of Internal Revenue under § 6, Tit. II of the Prohibition Act, in connection with a permit issued to the obligor to sell wines and distilled spirits for other than beverage purposes, and conditioned "that if the said

principal shall fully and faithfully comply with all the requirements of the laws of the United States now or hereafter enacted and regulations issued pursuant thereto, respecting the sale or use of distilled spirits and wines for other than beverage purposes, then this obligation to be void; otherwise to remain in full force and virtue," is not a bond for a penalty forfeitable in its entire amount upon a breach of condition, but is a bond for indemnity securing the payment of the internal revenue taxes, interest, penalties, and liabilities accruing to the United States by reason of the breach. P. 337.

RESPONSE to questions certified by the Circuit Court of Appeals upon a review of a judgment of the District Court which dismissed an action brought by the United States on the bond of a permittee under the Prohibition Act and his surety to recover the full penal sum of the bond because of alleged breaches of condition.

*Assistant Attorney General Willebrandt,* with whom *Solicitor General Mitchell* and *Mr. John J. Byrne* were on the brief, for the United States.

The bond sued upon, as evidenced by its plain recitals, as well as by the statute which authorized it, the regulations under which it was prescribed, and the administrative construction of its purpose and effect, is a bond required by the Government of the principal named therein, not to secure the United States against any supposed pecuniary damage it might sustain from a breach, but to insure the observance by the principal of the law and regulations in pursuance of which the bond was given. National Prohibition Act, § 6, Tit. II; Treasury Decision 2940, Art. 15(b), (f); Regulations 60 (ed. Feb. 1, 1920), § 20(a), (c); Treasury Decision 2559, p. 12; Treasury Decision 2788, p. 23; 32 Op. At. Gen. 365. Upon a breach of the condition of such a bond the full penal sum is recoverable as a penalty or forfeiture against which neither a court of equity nor a court of law will relieve, first, because it is imposed by law, and second,

because no adequate compensation can be adjudged for the affront to the sovereignty and the injury to the public welfare resulting from the breach. *Clark* v. *Barnard,* 108 U. S. 436; *United States* v. *Dieckerhoff,* 202 U. S. 302; *United States* v. *Montell,* 26 Fed. Cas. 15798; *The Oteri,* 67 Fed. 146; *Illinois Surety Co.* v. *United States,* 229 Fed. 527; *United States* v. *Rubin,* 233 Fed. 125; *United States* v. *Engelberg,* 2 Fed. (2d) 720; *Lyman* v. *Perlmutter,* 166 N. Y. 410; *Lightner* v. *Commonwealth,* 31 Pa. 341; *Paducah* v. *Jones,* 126 Ky. 809; Sedgwick on Damages (9th ed.), vol. 1, § 416a; Sutherland on Damages (3d ed.), vol. 1, § 279; *Klein* v. *Insurance Co.,* 104 U. S. 88; *Peirce* v. *New York Dock Co.,* 265 Fed. 148; *Gates* v. *Parmly,* 93 Wis. 294; *Grigg* v. *Landis,* 21 N. J. Eq. 494; *Thompson* v. *Whipple,* 5 R. I. 144; *Hagar* v. *Buck,* 44 Vt. 285; Pomeroy Eq. Jur., vol. 1, § 381; Story Eq. Jur. (14th ed.), § 1726; Sedgwick on Damages (8th ed.), vol. 1, § 391.

If the breach is of a covenant within the authority of the statute, the bond will be held to be a valid statutory bond to that extent and the excess rejected as surplusage. If the covenant breached is not within the statutory authority, the bond, having been entered into by competent parties and not being prohibited by law or opposed to public policy, will be held to be a valid and binding obligation at common law. Moreover, the obligor, having enjoyed the benefits for which the bond was given, is estopped to deny its validity. *Speake* v. *United States,* 9 Cr. 27; *United States* v. *Tingey,* 5 Pet. 114; *United States* v. *Bradley,* 10 Pet. 343; *United States* v. *Linn,* 15 Pet. 290; *United States* v. *Hodson,* 10 Wall, 395; *Jessup* v. *United States,* 106 U. S. 147; *Moses* v. *United States,* 166 U. S. 571; *United States* v. *Dieckerhoff,* 202 U. S. 302. While penalties and forfeitures are not favored in the law, and the court will seek diligently for a ground upon which to hold that they have not been incurred.

nevertheless, if actually incurred, they will be enforced in a court of law. *New York L. Ins. Co.* v. *Statham,* 93 U. S. 24; *Insurance Co.* v. *Norton,* 96 U. S. 234; *Klein* v. *Insurance Co.,* 104 U. S. 88; *Thompson* v. *Insurance Co.,* 104 U. S. 252; *Iowa Life Ins. Co.* v. *Lewis,* 187 U. S. 335.

*Mr. John W. Davis,* with whom *Messrs. Ralph W. Rymer* and *James M. Nicely* were on the brief, for National Surety Company.

Form 738 is not a forfeiture bond. The condition in the bond must be construed by a consideration of its terms and of all the circumstances attending its execution. *Sun Printing Assn.* v. *Moore,* 183 U. S. 642; *Clark* v. *Barnard,* 108 U. S. 436; *United States* v. *Montell,* 26 Fed. Cas. 1293; *United States* v. *Dieckerhoff,* 202 U. S. 302; *United States* v. *Alcorn,* 145 Fed. 995; *United States* v. *Cutajar,* 59 Fed. 1001; *The S. Oteri,* 67 Fed. 146; *Illinois Surety Co.* v. *United States,* 229 Fed. 527; *United States* v. *U. S. F. & G. Co.,* 1 Fed. (2d) 335. The language of the condition is not that of a forfeiture bond.

The purpose of the Commissioner and Treasury Department was to obtain indemnity only. The purpose of Congress in requiring a bond from permittees was indemnity only.

Revised Statutes, § 961, prevents the recovery of the full amount under this bond. *Sun Printing Assn.* v. *Moore,* 183 U. S. 642; *United States* v. *Dieckerhoff,* 202 U. S. 302; *United States* v. *Alcorn,* 145 Fed. 995; *United States* v. *Abeel,* 174 Fed. 12; *In re Appel,* 163 Fed. 1002.

If form 738 is held to be a forfeiture bond on its face, it represents an excess of power on the part of the Commissioner which prevents its enforcement. *Field* v. *Clark,* 143 U. S. 649; *Buttfield* v. *Stranahan,* 192 U. S. 470; *Williamson* v. *United States,* 207 U. S. 425; *United States* v. *Grimaud,* 220 U. S. 506; *Lipke* v. *Lederer,* 259 U. S.

557; *Regal Drug Co.* v. *Wardell,* 260 U. S. 386; *United States* v. *1412 Barrels,* Fed. Cas. No. 15960; *Ex Parte Lange,* 18 Wall. 163; *Dukich* v. *Blair,* 3 Fed. (2d) 302.

MR. JUSTICE SANFORD delivered the opinion of the Court.

This case comes before us on a certificate from the Circuit Court of Appeals. Jud. Code, § 239.

It appears from the certificate that Zerbey, on January 23, 1920, applied to the Commissioner of Internal Revenue, under the provisions of the National Prohibition Act,[1] for a permit to sell distilled spirits and wines for other than beverage purposes, and filed with his application a bond in the sum of $100,000, with the National Surety Company as surety. This bond was on Form 738, previously prescribed by the regulations, and recited, in accordance therewith, that "the condition of this obligation is such that if the said principal shall fully and faithfully comply with all the requirements of the laws of the United States now or hereafter enacted and regulations issued pursuant thereto, respecting the sale or use of distilled spirits and wines for other than beverage purposes, then this obligation to be void; otherwise to remain in full force and virtue." On January 26, the Commissioner issued to Zerbey a permit "under the conditions that the provisions of the national prohibition act, and regulations issued thereunder will be strictly observed."

Thereafter, the United States brought an action against Zerbey and the Surety Company in a Federal District Court, in which it was alleged that Zerbey had violated the condition of the bond in (a) failing and neglecting to keep records of his sales of distilled spirits, as required by the Prohibition Act and regulations, (b) selling and

---

[1] 41 Stat. 305, c. 85.

disposing of distilled spirits for beverage purposes, (c) diverting distilled spirits to other than beverage purposes, and (d) having in his possession whiskey which had been withdrawn, for nonbeverage purposes only, from a bonded warehouse, of which he kept no record as required by the Prohibition Act and regulations; and that the full penal sum of the bond had been forfeited and was due by the defendants to the United States by reason of these breaches of the condition of the bond. It was not alleged that any damage or loss had been sustained by the United States as the result of these breaches. The defendants filed statutory demurrers, which were sustained by the District Court on the ground that the United States could not recover the full penal sum of the bond, but only such loss or damage as it had sustained in consequence of the breaches of the bond; and the suit was dismissed. And the case having been taken to the Circuit Court of Appeals by writ of error, it has certified that, for the proper decision of the case, it desires the instruction of this Court as to the following questions of law: "(1) Is a bond conditioned upon compliance with the law of the United States and regulations issued pursuant thereto, respecting the sale or use of distilled spirits and wines for other than beverage purposes, given the United States by one to whom a permit to sell intoxicating liquors for other than beverage purposes has been issued under the provisions of § 6 of Title II of the national prohibition act and regulations promulgated thereunder, forfeitable upon breach of the condition in the full amount of its penal sum? (2) Is recovery upon breach of the condition of such a bond given by one holding such a permit limited to actual damages sustained by the United States?"

These questions, shortly stated, are, in effect: Whether a permit bond on Form 738 is a forfeiture bond entitling the United States to recover the full amount named on a

9542°—26——22

breach of its condition, or a bond of indemnity for the actual damages sustained by the United States from such breach.

Section 6, Title II, of the National Prohibition Act provides, with certain exceptions not here material, that: " No one shall manufacture, sell, purchase, transport, or prescribe any liquor without first obtaining a permit from the commissioner so to do, . . . The commissioner may prescribe the form of all permits and applications and the facts to be set forth therein. Before any permit is granted the commissioner may require a bond in such form and amount as he may prescribe to insure compliance with the terms of the permit and the provisions of this title."

By § 29 it is further provided that any person violating the provisions of any permit or of this title, shall be punished by either fine or imprisonment, or both; and, by § 35, that a tax shall be assessed against any person responsible for an illegal sale in double the amount provided by the internal revenue law, with an additional penalty.

By regulations issued by the Commissioner in October and November, 1919,[2] every applicant for a permit for the sale or use of distilled spirits or wines for other than beverage purposes, was required to furnish either a bond with corporate or personal sureties, on Form 738, in a penal sum of from $1,000 to $100,000, computed, at specified rates, on the quantity of spirits and wine which he then had on hand or would receive in the next quarterly period; or his personal bond for the same amount, secured by the deposit of Government bonds as collateral security.

Form 738 prescribed for a surety bond—which was used by Zerbey—was conditioned, as previously stated, that the principal " shall fully and faithfully comply with

---

[2] T. D. 2940; T. D. 2946.

all the requirements of the laws of the United States now or hereafter enacted, and regulations issued pursuant thereto respecting the sale or use of distilled spirits and wines for other than beverage purposes." The corresponding Form 738A prescribed for a collateral bond, recited the pledge of Government bonds " as security for any obligation arising hereunder," and contained, after the general condition in Form 738, a specific provision that " the said principal expressly agrees that the said bonds so deposited may be sold . . . and the proceeds applied to the payment of any internal-revenue taxes, interest, and penalties which may be due, and in satisfaction of any liabilities incurred hereunder, and the expenses of such sale, if any; and the residue, if any, paid to the said principal."

Thereafter, by Regulations No. 60,[3] which, although dated January 16, 1920, were not, it appears, published and put into effect until February 1—after the issuance of the permit to Zerbey—an applicant for a permit to sell or use distilled spirits or wines was required to file either a surety bond on a new Form 1408 or a collateral bond on a new Form 1409; provided that if the holder of such a permit had already given a bond on Form 738 or Form 738A in a sufficient penal sum, a new bond should not be required until he was called upon to make an application for a new permit.

The Form 1408 thus prescribed for a surety bond,[4] recites that " the condition of this obligation is such that if . . . the said principal shall not violate the terms of such permit . . . or . . . any of the provisions of the National Prohibition Act and regulations promulgated thereunder as now or hereafter provided, and all other laws of the United States now or hereafter enacted respecting distilled spirits, fermented liquors, wines, or

[3] T. D. 2985.

[4] Regulations 60, ed. of Feb. 1, 1920, appendix.

other intoxicating liquors, and will pay all taxes, assessments, fines, and penalties incurred or imposed upon him by law, then this obligation to be void, otherwise to remain in full force and effect." And Form 1409 prescribed for a collateral bond likewise provides that upon the sale of the Government's bonds pledged as security, the proceeds, shall "be applied to the payment of any internal-revenue taxes, interest, fines and penalties which may be due, and in satisfaction of any liabilities incurred hereunder and the expenses of such sale, if any; and the residue, if any, paid to said principal."

The case now presented is not that of a bond executed to the Government in a specified penal sum prescribed by statute and intended as a fixed penalty imposed for a breach of a statutory duty, which is forfeited in its full amount by a breach of the condition irrespective of the actual damage thereby caused the Government. *Clark* v. *Barnard*, 108 U. S. 436, 461; *United States* v. *Dieckerhoff*, 202 U. S. 302, 309; *United States* v. *Montell* (Taney, 47), 26 Fed. Cas. 1293, 1296. Whether Congress did or could authorize the Commissioner in fixing the form of bond to prescribe a penalty, we need not consider; for here it is plain that he did not intend that the penal sum of a surety bond on Form 738 should be a penalty or liquidated damages—in this case of $100,000—the full amount of which the United States might recover for any breach of condition, however slight, as, for example, a failure to make a record of any sale as required by the regulations; but, on the contrary, intended that such penal sum should be the maximum amount of the obligation incurred by reason of a breach of the bond. Form 738 is unquestionably to be read in connection with Form 738A. These were prescribed by the same regulations as alternative forms of the bond which the applicant might at his election furnish. They had precisely the same object, and were intended to secure the same obligation;

the one by personal sureties, the other by the deposit of collateral. Plainly it was not intended that the obligation should be greater in the one case than in the other, merely because the applicant chose to furnish personal instead of collateral security. The effect of Form 738A is that the applicant's obligation shall be discharged by the payment of any internal revenue taxes, interest, penalties and liabilities accruing to the United States by reason of a breach of the condition; and it cannot be doubted that this was intended, in like manner, to be the measure of the obligation incurred under a surety bond on the corresponding Form 738.

This view is emphasized by the consideration of the new Forms 1408 and 1409 prescribed by Regulations 60. It is clear that Form 1408 is not one for a penalty or forfeiture, but is one for indemnity merely in respect, broadly speaking, of the liabilities enumerated in Form 738A. *United States* v. *Chouteau,* 102 U. S. 603, 608. And the fact that these new regulations provided that a permit holder who had previously given a surety bond on Form 738 should not be required to give a new bond on Form 1408 until called upon to make application for a new permit, is strongly persuasive evidence that the Commissioner regarded Form 738 as of substantially the same character as Form 1408, that is, as a bond for indemnity securing the payment of the liabilities enumerated in Form 738A.

Our answer to the certified questions is that: A permit bond on Form 738 is not a bond for a penalty forfeitable in its entire amount upon a breach of condition, but is a bond for indemnity securing the payment of the internal revenue taxes, interest, penalties, and liabilities accruing to the United States by reason of the breach.