312

District Court, D. Montana.
July 10, 1931.

Wellington D. Rankin, U. S. Atty., of Helena, Mont., for the United States.

H. R. Boden, of Missoula, Mont., for defendants.

BOURQUIN, District Judge.

This is an action upon a bond given on permission to occupy premises abated as a nuisance, pursuant to section 34, 27 USCA.

Plaintiff proceeds upon the theory that, without allegation or proof of any fines, costs, or damages, it is entitled to recover the full penalty. The statute reads that the bond shall be by owner or tenant "in the penal and liquidated sum * * * and conditioned that intoxicating liquor will not thereafter be manufactured, sold, bartered, kept, or otherwise disposed of therein or thereon, and that he will pay all fines, costs, and damages that may be assessed for any violation of this chapter upon said property."

The bond is conditioned accordingly, providing that "if" no acts of nuisance be committed in the premises "and if the said principal and sureties will pay all fines, costs and damages that may be assessed for any violation of the National Prohibition Act upon said property, then this obligation shall be null and void; otherwise to remain in full force and effect." In principle, the case cannot be distinguished from United States v. Zerbey, 271 U. S. 332, 46 S. Ct. 532, 534, 70 L. Ed. 973. There was a permit to sell intoxicating liquors, and a bond conditioned not to violate the law, and to pay all fines and penalties imposed by law. Payment was a condition, because the valid practice and regulations themselves and law, so provided; and as always, the law is part of the bond. The Supreme Court held that the provision for such payment and not the penal sum was without doubt intended to be and was "the measure of the obligation incurred under" the bond. Here, was a permit to occupy the premises for lawful uses, and a bond conditioned as in the Zerbey Case. And the construction and liability in both cases must be one and the same. In brief, a statutory bond to secure performance of two conditions, viz.: (1) Lawful conduct, and (2) payment for any breach, the second but a consequential incident of the first, in the nature of things is in legal effect alternative; that is, obey or pay. The failure to perform one imposes no liability, unless there be failure also to perform the other. Until breach of the first condition, there is no debt owed and payment due, and so no possible breach of the second condition. There is no duty to perform the second until the first is breached, and performance of the second is compensation for the breach. Before there can be resort to the bond, there must have been breach of both conditions, happening of both contingencies. And the extent of the liability is not the penal sum prescribed save as a limitation, but is indemnity or payment according to the condition. That is evidently the intent of this more or less crude and confused statute, to arrive at which and to avoid absurdity, requires that the conjunctive "and" be, as usual, read the alternative "or." And that is the principle of Zerbey's Case, supra, even if but vaguely conceived.

In their brief, defendants consent to judgment for costs, fines, damages, upon which, if the parties do not agree, further

hearing will be had. Damages may include all expense of imprisonment for fines unpaid and the like.

Judgment accordingly.