## UNITED STATES v. AMERICAN SURETY CO. OF NEW YORK.

### No. 241.

Circuit Court of Appeals, Second Circuit.

March 7, 1932.

Salvador J. Capecelatro, of Utica, N. Y., for appellant.

Oliver D. Burden, U. S. Atty., of Syracuse, N. Y. (B. Fitch Tompkins, Asst. U. S. Atty., of Syracuse, N. Y., of counsel), for the United States.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

This suit is upon a bond executed by the appellant as surety and Utica High Class Perfumes & Toilet Waters, Inc., as principal. It was given to enable the principal obligor to obtain from the prohibition authorities a permit to use specially denatured alcohol for the manufacture of its products at its place of business in the city of Utica. The giving of such a bond is provided for

in article 114 of Regulations 61 enacted pursuant to section 13 of title 3 of the National Prohibition Act (27 USCA § 83). No question has been raised as to the validity of the bond, or the amount of the judgment if any is recoverable. Cf. United States v. Zerbey, 271 U. S. 332, 340, 46 S. Ct. 532, 70 L. Ed. 973; United States v. Engelberg, 2 F.(2d) 720 (D. C. W. D. Pa.).

The bond was in the penal sum of $10,-000, and upon the following condition: "* * * The condition of this obligation is such that if there be no material false statement in the application for such permit, and the said principal shall not violate the terms of such permit, and shall transport, store, and use such denatured alcohol in accordance with the law and regulations made pursuant thereto, and shall in all respects fully and faithfully comply with all provisions of law now or hereafter enacted and all regulations promulgated thereunder respecting such transportation, storage, and use, and shall pay for all such denatured alcohol illegally or unlawfully diverted, lost, or unaccounted for in violation of such permit and law and regulations at the rate of $4.50 per wine gallon, and in addition thereto shall pay all penalties and fines imposed, then this obligation to be void; otherwise to remain in full force and virtue."

Plaintiff's complaint charges as a breach of the condition that the perfume company withdrew 1,240 wine gallons of specially denatured alcohol in January, 1925, and illegally diverted, lost, or failed to account for the same. It alleges that thereby the obligors became liable to make payment to the plaintiff at the rate of $4.50 per wine gallon, a total of $5,580, and their failure to pay this sum after demand. The appellant's answer admitted execution of the bond and refusal to pay the sum demanded, and denied all other material allegations. The answer also set up as a separate defense that the principal had been adjudged a bankrupt upon an involuntary petition filed on January 29, 1925, and that plaintiff had filed its claim in the bankruptcy proceedings and the same had been disallowed. Upon the conclusion of the plaintiff's case, the appellant offered no evidence except a transcript of the bankruptcy proceedings relating to the disallowance of plaintiff's claim. A verdict was found for the plaintiff, and judgment was entered thereon.

The appellant first challenges the correctness of admitting in evidence a document which was offered by plaintiff as an admission by the perfumery company of its receipt of the 1,240 wine gallons of denatured alcohol in question. Article 116 of Regulations 61 requires a user of specially denatured alcohol to file with the collector of the proper district on or before the 10th day of each month a report on a prescribed form covering transactions for the preceding month. The document to which objection was made is such a report, subscribed and sworn to on behalf of the perfumery company by its secretary on February 2, 1925. The authority of the secretary to make reports of this character was proven by a resolution of the directors; and the argument that such authority was terminated by the appointment of a receiver in bankruptcy is entirely groundless. Such receivership did not affect the authority of corporate officers as to antecedent matters. Cf. In re Dressler Producing Corp., 262 F. 257, 260 (C. C. A. 2). The alcohol mentioned in the report never came into the possession of the receiver. If, as plaintiff sought to prove, it was delivered to the perfumery company in January, 1925, the latter came under a duty to account for it in accordance with the regulations. Indeed, the making and filing of the report in question was one of the very duties performance of which was guaranteed by the bond. It is well-established law that admissions made by the principal in transacting the business for which the surety is bound are competent evidence against the latter. United States v. Gaussen, 19 Wall. (86 U. S.) 198, 213, 22 L. Ed. 41; Tompkins County Board of Supervisors v. Bristol, 99 N. Y. 316, 1 N. E. 878; Guarantee Co. of North America v. Phenix Ins. Co., 124 F. 170, 174 (C. C. A. 8). None of the authorities cited by the appellant contradicts this principle. No error was committed in admitting the report as evidence of the receipt of the alcohol, nor in contradicting by other evidence so much of the report as certified that the alcohol had been used in the company's business during the month of January.

The next contention of appellant asserts that the doctrine of res judicata bars recovery in this action because the plaintiff's claim against the principal's estate in bankruptcy, based upon the same cause of action, was disallowed after a hearing on objections filed by the trustee in bankruptcy. Although a judgment against the principal be only prima facie evidence of a breach of the bond in a suit against the surety (Moses v. United

States, 166 U. S. 571, 600, 17 S. Ct. 682, 41 L. Ed. 1119), a judgment in favor of the principal, unless based upon some personal defense, such, for example, as infancy, is a complete bar to recovery against the surety for the same alleged default. Brown v. Bradford, 30 Ga. 927; People v. Metropolitan Surety Co., 171 App. Div. 15, 156 N. Y. S. 1027; 1 Freeman, Judgments § 466. It may also be conceded that the allowance or disallowance of a claim in bankruptcy should be given like effect as any other judgment of a competent court, in a subsequent suit against the bankrupt or any one in privity with him. See Lesser v. Gray, 236 U. S. 70, 35 S. Ct. 227, 59 L. Ed. 471; Hargadine-McKittrick Dry Goods Co. v. Hudson, 122 F. 232 (C. C. A. 8); Elmore Quillian & Co. v. Henderson-Mizell Mercantile Co., 179 Ala. 548, 60 So. 820, 43 L. R. A. (N. S.) 950; Brandon v. McHenry, [1891] 1 Q. B. 538; Remington, Bankruptcy (3d Ed.) § 967. But cf. Massee & Felton Lumber Co. v. Benenson, 23 F.(2d) 107 (D. C. S. D. N. Y.). But the distinction must be noted between disallowance of a claim because the creditor had a nonprovable debt and disallowance because he had no debt at all. Disallowance on the former ground decides nothing as to the merits of the claim. In the present case the record discloses that in disallowing the plaintiff's claim on its bond the referee in bankruptcy did not purport to hold that the claim was wholly without foundation, but that the duty to account for the alcohol arose subsequent to the filing of the petition in bankruptcy, and hence the claim was nonprovable under section 63 of the Bankruptcy Act (11 USCA § 103). Consequently the surety cannot in this suit rely upon the disallowance of the claim as a conclusive adjudication that the principal has not violated any of the conditions of the bond. See Black, Judgments, § 713. Accordingly the introduction of the record of the bankruptcy court presented no bar to the judgment now before us.

It is true that the referee also indicated that he was not satisfied with the evidence offered to prove that the alcohol was actually received by the bankrupt, and therefore refused to find (whether erroneously we need not say) that there had been an illegal diversion. But at most this finding was available to the present appellant only as a basis for excepting to the charge which directed the jury to return a verdict for the plaintiff should they find either an illegal diversion or a failure to account. No such exception was

taken; we need not therefore consider whether the charge should have been modified had the point been made. Nor are we called upon to decide whether the report of the secretary, referred to above, should have been excluded had it been objected to on the ground that the decision of the referee precluded the jury from finding that the bankrupt received the alcohol.

The final argument that the verdict is contrary to the evidence need not detain us. It will suffice to say that there was sufficient evidence to make a jury question; and its verdict is conclusive.

Judgment affirmed.