**UNITED STATES v. RANDALL et al. (CONCORD CASUALTY & SURETY CO., et al., Interveners).**

**No. 349.**

Circuit Court of Appeals, Second Circuit.

May 2, 1932.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg, and Emanuel Bublick, Asst. U. S. Attys., both of Brooklyn, N. Y., of counsel), for the United States.

Louis Halle, of New York City (Milton R. Kroopf, of New York City, of counsel), for interveners-appellees.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

The vessel Eleanor Joan was seized by officers of the Coast Guard for violation of section 26, title 2, of the National Prohibition Act (27 U. S. C. § 40 [27 USCA § 40]). One month later it was released upon the filing of a bond, as provided by section 26, in the sum of $14,000. The bond covenanted to "return the aforesaid 'Eleanor Joan' to the custody of the officer approving this bond on the day of the criminal trial of the person or persons arrested at the time of the aforesaid seizure to abide the judgment of the court," and "in the event that * * * the person or any of the persons arrested * * * plead guilty to a charge of transportation, or possession * * * of intoxicating liquor * * * and the said 'Eleanor Joan' is returned to the custody of the officer approving this bond on the date of said plea of guilty, then this obligation to be void * * * and it is further agreed that in the event of the breach of the conditions * * * of this bond, that judgment upon this obligation shall be granted by the court upon oral motion upon the day of said criminal trial or at the option of the United States Attorney for the Eastern District of New York by any other appropriate action."

The place of delivery was stipulated to be Fort Totten, Long Island.

The statute provides: "When the commissioner * * * shall discover any person in the act of transporting in violation of the law, intoxicating liquors in any * * * water * * * craft, * * * it shall be his duty to seize any and all intoxicating liquors found therein * * * he shall take possession of the * * * boat * * * and shall arrest any person in charge thereof. * * * But the said vehicle or conveyance shall be returned to the owner upon execution by him of a good and valid bond, with sufficient sureties, in a sum double the value of the property, which said bond * * * shall be conditioned to return said property to the custody of said officer on the day of trial to abide the judgment of the court. The court upon conviction of the person so arrested * * * shall order a sale by public auction of the property seized, and the officer making the sale, after deducting the expenses * * * shall pay all liens * * * and shall pay the balance of the proceeds into the Treasury of the United States. * * *"

At the opening of the trial of the defendants on the charge of transporting intoxicat-

ing liquors on the vessel in violation of the National Prohibition Act, the United States attorney moved for forfeiture of the bond for the failure of the principal and surety to return the vessel on that day. The court duly granted the motion and later entered a judgment for $7,000. The appellant argues that the award should have been for the full amount of the penal bond—$14,000. It bases this claim upon the theory that this bond is analogous to a bail bond for appearance, contending that the sole condition of the bond required by section 26 is that the vehicle be produced at the criminal trial. It is evident that the bond is given to meet any pecuniary damage the government might sustain by its disappearance. Section 26, title 2, does not provide for forfeiture of the bond on failure to deliver the vehicle; it provides for the return of the vessel on the day of the trial, to abide the judgment of the court. The amount of the bond is not a liquidated sum to be paid as damages to the United States. United States v. Cutajar (D. C.) 59 F. 1000. The requirement of the statute for a bond, the purposes for which the seized vessel is to be used, and what is to be done with the proceeds after an auction sale, all taken together, indicate an intention not to fix a liquidated sum as damages or penalties for a nonappearance of the vessel, but to compensate the United States for the loss it has sustained if it is not able to sell the seized vessel at public auction and obtain the balance of the proceeds after payment of lawful liens. The court below fixed the value of the vessel, when seized at a sum agreed upon by the parties. In determining the amount of the bond, an appraisal of the boat's value was required. When it was returned to the owner, he obtained that privilege by insuring its production for the purposes of section 26, title 2. The most that the statute permits is that the government may profit by the seizure to the extent of the value of the vehicle after bona fide lienors are satisfied. It is only after an auction sale that the government knows the amount it will receive. In this way the statute condemns only that interest in the vehicle which is tainted by the unlawful use in liquor traffic. If Congress intended the sum of the bond to be a penalty, it would have used appropriate language. United States v. J. H. Winchester & Co., 40 F.(2d) 472 (C. C. A. 2).

■ We have held that the government may not follow the proceeds of the sale of a vessel sold under a third party libel where the vessel is seized by the United States for a violation of section 26. Edwards v. The Motor Vessel (Edwards v. United States) 55 F. (2d) 671 (C. C. A. 2). It may collect only by proceeding against the vessel under its own libel. Under the statute, the res seized is not the offender and there can be no forfeiture of the vehicle unless there is a conviction of the transporter.

In United States v. Dieckerhoff, 202 U. S. 302, 26 S. Ct. 604, 607, 50 L. Ed. 1041, relied upon by the appellant in support of its claim, the action was brought to recover on a redelivery bond (section 2899, Rev. St.). The respondent imported a number of packages of merchandise; one package was sent to the public warehouse for inspection and appraisal; the others were turned over to the importer, as permitted under section 2899, and a bond given to the extent of double the valuation. Within ten days the collector ordered respondent to deliver to him one other package. It was not so delivered and suit was instituted on the bond. Judgment was granted for twice the value of the undelivered package. This was approved by the Supreme Court. The purpose of the statute there considered was to provide examination and appraisal of merchandise for the imposition of customs duty. The court said: "But in our opinion it was the purpose of this statute, and the bond executed in the case, to dispense with the necessity of resort to this method of showing damages, and to fix double the value of the package ordered to be returned, as a definite sum to be paid for the nonfulfilment of the statutory duty. In such cases the recovery is for the stipulated sum, and is not limited to the damages actually proven. * * * The purpose of the statute was to enforce the collection of the revenues, and to require that goods shall be as represented, and, if removed from governmental control before the facts about them are ascertained, to require them to be returned unopened, except as provided by statute, or a specific penalty be paid for failure so to do." But it is apparent that the decision in the Dieckerhoff Case was based upon the manifest intention of Congress to provide a specific sum as a penalty for failure to return the merchandise as required by the statute. Here section 26, title 2, is silent with respect to what shall be done in the bond in the event of failure to produce the vehicle. The provision for the sale of the vehicle and the payment of claims of innocent lienors indicates that Congress intended the government to have only the sum received by a sale at public auction, as payment for whatever penalties and damages resulted to the government.

In United States v. Zerbey, 271 U. S. 332, 46 S. Ct. 532, 70 L. Ed. 973, the court considered the application of a bond given under section 6, title 2, of the National Prohibition Act (27 USCA § 16), in connection with a permit issued to the obligor to sell wines and distilled spirits, and it provided that "if the said principal shall fully and faithfully comply with all the requirements of the laws of the United States" regulating the sale of spirits and wines, the obligation would be void. The bond was held not to be a penalty forfeitable in its entire amount on a breach of its conditions, but a bond of indemnity securing the payment of internal revenue taxes, interest, penalties, and liabilities accruing to the United States by reason of the breach. The statute had no provision providing for a specific amount to be paid, nor was there anything to show that in the event of default, the amount of the bond was to be forfeited.

Congress intended that such bond as was given here would save the government harmless against loss for the value of the interest of the owner in the seized vehicle.

Judgment affirmed.