**UNITED STATES v. BODINE et al.**

No. L–4656.

District Court, D. New Jersey.

June 19, 1935.

Walter S. Keown, of Camden, N. J., for the motion.

Harlan Besson, U. S. Atty. (by William F. Smith, Sp. Asst. U. S. Atty.), both of Trenton, N. J., opposed.

AVIS, District Judge.

This is an action commenced by the United States against the defendants, based upon the giving of a certain bond executed by Bodine, as principal, and United States Fidelity & Guaranty Company (hereinafter called company), as surety. The preliminary facts, as stated in the complaint, are: That a truck in the control of one Louis Corbin was seized on May 26, 1923, while transporting intoxicating liquor contrary to law. On May 29, 1923, C. A. Bodine, as principal, claiming to be the owner of the truck, with company, as surety, executed and delivered a bond in the penal sum of $5,000, and thereupon the truck was released to said Bodine.

The condition of the said bond was as follows: "Now, therefore, the condition of this obligation or bond is such, that if the said principal shall return the aforesaid conveyance or vehicle to the custody of the officer approving this bond on the day of trial to abide the judgment of the court; and, in case the said property shall be forfeited to the United States or the court shall order a sale of said conveyance or vehicle, that if the said principal shall pay the difference between the value of said vehicle or conveyance at the time of the execution hereof, which is hereby stipulated to be one-half of the penal sum of this bond, and its value on the day of its return as aforesaid, less depreciation due to reasonable wear and tear of ordinary use, and the said principal shall pay off any liens or encumbrances thereon except the following liens heretofore existing, namely:

(No exceptions), then this obligation to be void, otherwise to remain in full force and effect."

Subsequently, on October 6, 1923, the said Louis Corbin pleaded guilty to the charge of transporting intoxicating liquor in said truck in violation of the law, but the truck was not returned at that time or at any other time prior to the commencement of this suit.

Defendant company moves to dismiss the complaint on the following grounds: (1) That the repeal of the Eighteenth Amendment to the Constitution by the adoption of the Twenty-First Amendment repealed all statutes enacted under the Eighteenth Amendment, and that the United States is thereby prevented from proceeding on the bond; (2) that no demand was made upon defendant company prior to filing the complaint in this cause; (3) that there was no forfeiture of the truck, and that such a forfeiture is a condition precedent to the institution of action on the bond; and (4) that no notice of the trial of the criminal action was given to company, and that no demand was made upon company for delivery of truck.

It is claimed that none of the foregoing requirements appears in the allegations of the complaint.

Counsel for the company argues that the bond is penal and falls with the repeal of the prohibition amendment; that the word "trial," in the statute (27 USCA § 40), refers to the trial or proceedings to forfeit and not the criminal trial, and that suit cannot be instituted on the bond until actual proceedings are taken to forfeit the truck.

The answer to all of these objections appears to be contained in the recent case of United States of America v. James A. Mack et al., 55 S. Ct. 813, 79 L. Ed. 1559, decided by the United States Supreme Court on May 20, 1935. That case related to a motorboat, but the facts are similar to those in the instant case. The court held that the bond is a contract; that liability became complete upon the breach of the express condition for the return of the delinquent vessel; and that the liability thus perfected was not extinguished or diminished by the loss of penal sanctions.

It is not specifically stated in the opinion as to what the word "trial" in the statute refers, but by inference it is held to re-

fer to the criminal trial, and presumably to a plea of guilty as well.

Under this decision, which is controlling, the motion to strike out the complaint, will be denied, and an order will be entered accordingly.