**UNITED STATES v. C. I. T. CORPORATION (two cases).**

**UNITED STATES v. COMMERCIAL INV. TRUST, Inc., et al.**

**Nos. 271–273.**

Circuit Court of Appeals, Second Circuit.

June 3, 1940.

Before L. HAND, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

Joseph G. Myerson, of New York City, for defendants-appellants.

John T. Cahill, U. S. Atty., of New York City, (Earle N. Bishopp, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for plaintiff-appellee.

AUGUSTUS N. HAND, Circuit Judge.

In each of the above three actions the United States has sought to recover on a bond given pursuant to Section 26, Title II, of the National Prohibition Act, 27 U.S.C.A. § 40, in order to secure the release to the principals C. I. T. Corporation and Commercial Investment Trust Incorporated (both of which will be referred to as C. I. T.) of a motor vehicle previously seized for an alleged violation of that act. The government moved in each action for judgment for recovery of the value of the seized motor vehicle as stipulated in the bond which was one-half the amount of the penal sum recited therein. C. I. T. was the principal in each bond and United States Fidelity & Guaranty Company was the surety. The bonds were furnished to obtain the release of motor vehicles seized by the Federal authorities for alleged violations of the Prohibition Act. C. I. T. claimed to be the innocent holder and owner by assignment of a conditional sale contract executed by the purchaser.

After the vehicles were seized for transporting liquor in violation of the statute, a criminal information was filed against the person transporting it and he was convicted after a trial. The vehicles were not returned to the custody of the officers approving the bonds on the day of the

criminal trial in accordance with the terms thereof.

Each bond contained the following condition: "* * * if the said principal shall return the aforesaid conveyance or vehicle to the custody of the officer approving this bond on the day of trial to abide the judgment of the court; and, in case the said property shall be forfeited to the United States, or the court shall order a sale of said conveyance or vehicle, that if the said principal shall pay the difference between the value of said vehicle or conveyance at the time of the execution hereof, which is hereby stipulated to one-half of the penal sum of this bond, and its value on the date of its return as aforesaid, less depreciation due to reasonable wear and tear of ordinary use, and the said principal shall pay off any liens or encumbrances thereon except the following liens heretofore existing, namely: * * * Then this obligation to be void otherwise to remain in full force and effect."

Section 26, Title II, of the National Prohibition Act, provided that: "Whenever intoxicating liquors transported or possessed illegally shall be seized by an officer he shall take possession of the vehicle * * * or automobile * * * and shall arrest any person in charge thereof. Such officer shall at once proceed against the person arrested under the provisions of this title [chapter] in any court having competent jurisdiction; but the said vehicle * * * shall be returned to the owner upon execution by him of a good and valid bond, with sufficient sureties, in a sum double the value of the property, which said bond shall be approved by said officer and shall be conditioned to return said property to the custody of said officer on the day of trial to abide the judgment of the court. The court upon the conviction of the person so arrested shall order the liquor destroyed, and unless good cause to the contrary is shown by the owner, shall order a sale by public auction of the property seized, and the officer making the sale * * * shall pay all liens, according to their priorities, which are established, by intervention or otherwise at said hearing or in other proceeding brought for said purpose, as being bona fide and as having been created without the lienor having any notice that the carrying vehicle was being used or was to be used for illegal transportation of liquor, and shall pay the balance of the proceeds into the Treasury of the United States as miscellaneous receipts. All liens against property sold under the provisions of this section shall be transferred from the property to the proceeds of the sale of the property."

Section 39 of the same Act, 27 U.S.C.A. § 62, provided that: "In all cases wherein the property of any citizen is proceeded against or wherein a judgment affecting it might be rendered, and the citizen is not the one who in person violated the provisions of the law, summons must be issued in due form and served personally, if said person is to be found within the jurisdiction of the court."

The person in charge of the vehicle carrying contraband liquor was arrested in each case, the automobile was seized and C. I. T. which held title to it under a contract of conditional sale obtained possession of it by furnishing a bond wherein it was named as the principal and United States Fidelity & Guaranty Company was the surety. The persons arrested were severally brought to trial, pleaded guilty and received a sentence, but the automobiles that had been seized and afterwards released on bond were not produced at the trial, and no proceedings were then had for their forfeiture. The District Court granted summary judgments in favor of the government in all three actions for the recovery of the value of the seized motors as fixed and stipulated in the respective bonds, which was to the amount of one-half of the penal sums mentioned therein.

█ The defendants, both the principals and the sureties named in the bonds, have appealed from the judgments on the ground among others that the "trial" specified in the respective bonds was not necessarily the criminal trial of the person arrested for carrying contraband liquor but might equally well have been a hearing following the criminal trial at which the owner might "show good cause" why the vehicle should not be forfeited, or might have been a hearing at which the conditional vendee or lienor might show bona fides, or might have been the trial of a libel in rem against the vehicle, such as was approved in The Harbour Trader, 2 Cir., 42 F.2d 858. It is argued that, because of the vagueness as to the various possible trials at which the ve-

hicles were to be produced, failure to produce them at the criminal trials resulted in no breach of the condition in the bonds. But we think the bonds are clear and that under their terms the vehicles were to be returned at the criminal trials. This conclusion was reached by the court below and was warranted by the decisions in United States v. Mack, 295 U.S. 480, 55 S.Ct. 813, 79 L.Ed. 1559; United States v. Bodine, D.C.N.J., 11 F. Supp. 397; United States v. Spallo, D.C. W.D.Mo., 48 F.2d 891, 892; United States v. Hydes D.C.W.D.Wash., 267 F. 470, and United States v. One Reo Automobile,[1] decision of Judge Inch (D.C.E.D.N. Y.), made on April 14, 1930. That this was exactly what was meant by the language of Section 26 is evident from the statement of Congressman Venable who offered the amendment that allowed the owner to regain possession of a seized vehicle after furnishing a satisfaction bond. He said in speaking of the proposed amendment (Congressional Record, 66th Congress, Volume 58, paragraph 3, at page 2804): "Now this amendment provides that when a vehicle is seized by the Sheriff, the owner may by giving a bond, regain possession of his vehicle and use it pending the time of the institution of the proceeding and adjudication as to whether he is found guilty or not, conditioned that at the trial, he shall have the vehicle there to abide the judgment of the court in the event he is guilty."

The defendants further argue that the suits must fail because they never received any notice of the time and place of trial. But each bond required that the vehicle should be returned "on the day of trial", which could readily have been ascertained, and the bonds contained no condition that the bondsmen should have notice. Any rights they may have had under Section 39 to have notice before there could be a forfeiture of the vehicles were not sufficient to preclude the government from asserting a breach of the condition of the bond that the vehicle should be returned on the day of the trial to await the judgment of the court. The principal C. I. T. had claimed the vehicle and agreed in each bond to produce it at the trial. After appearing and assuming such an obligation, no notice was required to place the bondsmen and their sureties in default.

The defendants make the further point that the bonds are in a form which in no event justified the imposition of a penalty but were only given to indemnify the government against any loss it might suffer from releasing the cars. This was definitely so held in United States v. Randall, 2 Cir., 58 F.2d 193, 194, and United States v. Warnell, 5 Cir., 67 F.2d 831. Cf. United States v. Zerbey, 271 U.S. 332, 46 S.Ct. 532, 70 L.Ed. 973.

The decisions in United States v. Dieckerhoff, 202 U.S. 302, 26 S.Ct. 604, 50 L.Ed. 1041, and United States v. Bornn, 2 Cir., 104 F.2d 641, are not contra. They involved bonds of different types in which the named amounts were inserted as liquidated damages. Here the provisions of Section 26 and the terms of the bonds furnished determined the value of the vehicles at the time the bonds were given and to that extent the bonds were for liquidated sums. If the owners, instead of the conditional vendees, had given the bonds they would have had the right to show "good cause" against forfeiture, upon a hearing to forfeit the vehicle, by proving their innocence if they were able to do so. In the same way the conditional vendees would have the right to establish bona fides in proceedings to forfeit their interests as lienors. There is no reason to deprive the conditional vendees and the sureties of this right in actions upon the bonds merely because they did not produce the automobiles at the criminal trials. The bonds took the place of the vehicles and the defendants ought to be allowed to lessen any recovery of sums representing the stipulated values of the automobiles to the extent of the amount of proved bona fide liens. Accordingly summary judgments were not proper and a new trial must be granted at which the defendants may establish their innocence if they are able. If this burden is sustained the United States will only be able to recover the agreed value of the cars less the amounts of the respective liens.

The defendants cannot properly claim that the government should fail because it cannot prove the value of the vehicles at the time of the return less any depreciation. The owner and the conditional vendee have made it impossible to establish the value by neglecting to return the automobiles. They cannot through

---

[1] No opinion for publication.

their own wrongful acts defeat the right of the government to recover but can only reduce the amount of the claim if they can prove title by way of conditional sales or liens acquired in good faith.

Judgments reversed and new trials ordered, to proceed in accordance with the views expressed in this opinion.