Charles M. Phillips, U. S. Atty., of Trenton, N. J., and Paul J. Mulcahy, Asst. U. S. Atty., of Newark, N. J., for the United States.

George R. Sommer, of Newark, N. J., for defendants.

WALKER, District Judge.

The facts are[1]:

1. On the 21st day of November, 1923, while the National Prohibition Act, 27 U. S.C.A. § 1 et seq., was in force and effect, officers of the law apprehended a person by the name of Kromer Goodneighbor, at a time when he was transporting intoxicating liquor fit for beverage purposes containing more than one-half of one percent of alcohol by volume, in a Reo truck having Motor No. 86411, Serial No. 91182 and License No. NJ–X–4044.

2. The said vehicle was seized pursuant to Section 26 of Title II of the National Prohibition Act, 27 U.S.C.A. § 40, and on the 27th day of November, 1923, it was returned to the defendant, Morris Luckman, the owner, when as principal, he executed and delivered to the plaintiff a bond in the penal sum of six thousand dollars ($6,000),

## UNITED STATES v. LUCKMAN et al.

### No. 1085.

District Court, D. New Jersey.

July 9, 1941.

---

[1] Rule 52, Rules of Civil Procedure for the District Courts of the United States, Title 28 U.S.C.A. following section 723c.

with the defendants, Isidore Friedman and Archie Friedman, as sureties.

4. The condition of the bond was as follows:

"Now, Therefore the condition of this obligation or bond is such, that if the said principal shall return the aforesaid conveyance or vehicle to the custody of the officer approving this bond on the day of trial to abide the judgment of the court; and, in case the said property shall be forfeited to the United States, or the court shall order a sale of said conveyance or vehicle, that if the said principal shall pay the difference between the value of said vehicle or conveyance at the time of the execution hereof, which is hereby stipulated to be one-half of the penal sum of this bond, and its value on the date of its return as aforesaid, less depreciation due to reasonable wear and tear of ordinary use, and the said principal shall pay off any liens or encumbrances thereon except the following liens heretofore existing, namely:

"Mortgage $1,000.00 Isidore Friedman then this obligation to be void, otherwise to remain in full force and effect." [2]

5. In the United States District Court for the District of New Jersey on May 14, 1924, the said Kromer Goodneighbor entered a plea of guilty to transporting in the said vehicle, in violation of the law, intoxicating liquor fit for beverage purposes and containing more than one-half of one percent of alcohol by volume.

6. The condition of the said bond was breached by the defendants, in that the said vehicle was not returned to the custody of the officer who approved the bond on the day of trial to abide the judgment of the court.

7. On the 14th day of May, 1924, by reason of the breach of the condition of the bond, as aforesaid, there became due and payable to the plaintiff the value of the said vehicle as of the 27th day of November, 1923.

### Discussion

█ The bond, a contractual liability connected with the National Prohibition Act [3], did not fall with the adoption of the Twenty-First Amendment [4] and the plaintiff is entitled to proceed against the defendants thereon and to be indemnified against any loss it has suffered because it released Reo truck having Motor No. 86411, Serial No. 91182, relying thereon. [5]

█ The condition of the bond is such that if the defendants had returned the vehicle to the custody of the officer approving the bond on the day of trial to abide the judgment of the court, and in case it was forfeited to the United States or the court had ordered a sale thereof, they would be liable for the difference between the value of said vehicle at the time of the execution of the bond, namely, $3,000, and its value on the date of its return as aforesaid less depreciation due to reasonable wear and tear of ordinary use.

The plea of guilty by Kromer Goodneighbor forfeited the vehicle to the United States and obligated the defendants to pay the difference between the value thereof at the time the bond was executed, namely, one-half of the principal sum of said bond or $3,000 and its value on the date of its return, less depreciation due to reasonable wear and tear of ordinary use. The value on the date of its return less depreciation due to reasonable wear and tear of ordinary use cannot be established because the vehicle was not returned and its return was the direct and unqualified responsibility of the defendants, and so they by their own act have made it impossible for this court to give them the value on the date of return less depreciation due to reasonable wear and tear of ordinary use. They by their failure leave the court no alternative but to take the only value in the case, namely, the stipulated value of $3,000. The evidence that on or about June 22, 1923, the highest priced Reo truck was a closed cab, express short canopy and panel sides job retailing at $1,495, does not help materially; because the proof is inadequate and we are unable to find that the Reo truck in question was a $1,495 job or a cheaper job, or that it had or did not have accessories and other things which would increase its value to $3,000. While, on the other hand, there is before the court the fact that the defendants entered into an instrument wherein they stipulated the value to be $3,000, and al-

---

[2] For all of the terms and conditions of the said bond see Exhibits P-1 and P-2.

[3] 27 U.S.C.A. § 1 et seq.

[4] United States v. Mack et al., 295 U. S. 480, 55 S.Ct. 813, 79 L.Ed. 1559.

[5] United States v. Randall et al., 2 Cir., 58 F.2d 193, 194; United States v. Zerbey, 271 U.S. 332, 46 S.Ct. 532, 70 L. Ed. 973.

though they say the penal sum of $6,000 was not inserted in the bond at the time they executed it, there is Exhibit P–3 [6], which shows that on December 10, 1925, their attorneys referred to the bond as one for $6,000, thereby establishing that for some time past they had knowledge of the penal sum, yet, with this knowledge they never questioned it prior to June 24, 1941.

### Conclusion of Law

The plaintiff is entitled to a judgment in its favor and against the defendants, Morris Luckman, Isidore Friedman and Archie Friedman in the sum of $3,000, together with interest from May 14, 1924, and costs and disbursements in this suit.

---

[6] Letter of attorneys who represented the defendants at the time, it is dated December 10, 1925.