### BICKLEY v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit.
March 12, 1928.

No. 5085.

1. **Bail ⚖═42—Bail was authorized where defendant was arrested to determine whether suspended sentence should be revoked (18 USCA § 596).**

Under Rev. St. § 1015 (18 USCA § 596), authorizing bail on arrests in all criminal cases, where offense is not punishable by death, bail was authorized where defendant was arrested in order to determine whether suspended sentence should be revoked.

2. **Bail ⚖═55—Where court ordered bail bond in sum of $1,000, and judgment was for $1,000, surety was not injured, though bond was taken for $2,000, and there was no variance.**

Where defendant was ordered placed under bond in sum of $1,000, but commissioner took bond in sum of $2,000, surety was not injured, where judgment was only for $1,000 authorized by court's order, and there was no variance.

3. **Bail ⚖═57—Bail bond may contain several obligations, and those failing for vagueness may be excluded as surplusage.**

Bail bond may contain several conditions, and those which fail for vagueness may be excluded as surplusage.

4. **Bail ⚖═59—Bail bond requiring defendant to appear before court at definite time and place for purpose mentioned held sufficiently definite, and, condition being breached, liability accrued.**

Where bail bond contained plain and valid condition that defendant was required to appear before court at definite time and place for purpose of having his suspended sentence reconsidered, and to remain in attendance until leave was given him to depart, but did not state term of court or nature of charge against defendant, bond was sufficiently definite to constitute valid obligation, and, condition mentioned having been breached, liability accrued.

5. **Appeal and error ⚖═1050(1)—Defendant held not injured by admitting parol testimony to identify bail bond sued on with one required by order, where bail bond was in evidence.**

Defendant surety *held* not injured by court's permitting parol testimony to identify bail bond given with one required by court's order, where

24 F.(2d)—31

bond itself disclosed all that was required, and evidence not objected to was sufficient to require judgment rendered.

In Error to the District Court of the United States for the Western District of Louisiana; Benjamin C. Dawkins, Judge.

Action by the United States against A. E. Bickley. Judgment for the United States and defendant brings error. Affirmed.

J. M. Grimmet and Robert A. Hunter, both of Shreveport, La., for plaintiff in error.

Philip H. Mecom, U. S. Atty., and J. Fair Hardin, Asst. U. S. Atty., both of Shreveport, La.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. The United States obtained judgment for $1,000 against appellant as surety on a bail bond. It is contended in support of the assignments of error that the bond was taken without authority of law; that it is not in the amount and upon the conditions fixed by the court, and is too vague and indefinite to constitute a valid obligation; and that the court erred in permitting parol testimony to identify the bond given with the one required by its order.

On May 6, 1925, one Watts pleaded guilty to an indictment which charged him with the illegal purchase and possession of morphine, and on that date an order was entered suspending sentence during good behavior. On June 2, 1926, the District Judge, acting on the petition of the district attorney, alleging that since the suspension of sentence Watts had continued the illegal traffic in narcotics, directed that a warrant be issued for his arrest, that he be taken before a United States commissioner and placed under bond in the sum of $1,000, conditioned upon his appearance before the court at 10 a. m., June 21, 1926, at Shreveport, La., there to await the further orders of the court, and, in default of bond, that he be placed in jail. On June 8, 1926, Watts as principal and appellant as surety executed before the commissioner a bond in the sum of $2,000, conditioned as follows:

"The condition of this recognizance is such that, if the said Ivanhoe M. Watts, principal, shall personally appear before the District Court of the United States in and for the Western District of Louisiana, on the ——— day of the ——— term, 19—, to be begun and held at the city of Shreveport,

La., at 10 o'clock a. m., on the 21st day of June, A. D. 1926, and from time to time thereafter to which the case may be continued, and then and there answer the charge of having on or about the ——— day of ———, A. D. 19—, within said district, in violation of section ———, unlawfully * * *

"June 4, 1926, warrant issued for defendant upon complaint made by U. S. Atty., J. Fair Hardin and A. E. Gatens, an order of U. S. Judge Dawkins to show cause why suspended sentence of May 6, 1925, should not be reimposed, bond being set by Judge Dawkins ——— contrary to the form of the statute in such cases made and provided and against the peace and dignity of the United States of America, and then and there abide the judgment of the said court, and not depart without leave thereof, then this Recognizance to be void, otherwise to remain in full force and virtue."

Watts did not appear as required by the court's order, and it was admitted at the trial that he was still a fugitive from justice. The commissioner was allowed to testify, over objection and exception, that he stated to appellant that the object of the bond was to secure Watt's appearance before the District Judge, so that it could be determined whether the suspended sentence should be revoked.

[1, 2] Bail is authorized upon arrests in all criminal cases, where the offense is not punishable by death. R. S. § 1015 (18 USCA § 596). The authority of this statute is broad enough to include the present case, and it becomes unnecessary to consider whether appellant could be bound because he voluntarily became surety upon a bond which is not prohibited by law. See Moses v. United States, 166 U. S. 571, 17 S. Ct. 682, 41 L. Ed. 1119; United States v. Dieckerhoff, 202 U. S. 302, 26 S. Ct. 604, 50 L. Ed. 1041. Although the bond taken by the commissioner is in the amount of $2,000, appellant was not injured, since the judgment was only for the $1,000 authorized by the court's order. There was no variance, as is claimed. It clearly was the intention of appellant to bind himself for $1,000, or any amount less than that named in the bond. The bond fails to state the term of court, or the nature of the charge against Watts, the principal, but it did require him to appear before the District Judge at a time and place that were definitely fixed, and to show cause why the suspended sentence should not be reimposed, to abide by the judgment to be made by the court, and not to depart without leave.

[3, 4] A bond may contain several conditions, and those which fail for vagueness may be excluded as surplusage. The bond in suit contains the plain and valid condition that Watts was required to appear before the court at a definite time and place, for the purpose of having his suspended sentence reconsidered, and to remain in attendance until leave was given to him to depart. That condition of the bond was breached, and it necessarily follows that liability accrued.

[5] We are of opinion that the bond itself disclosed all that was required, and that parol testimony to identify it with the order of the court was unnecessary. Appellant could not possibly have been injured by the action of the court in admitting such testimony, as the evidence that was not objected to was in our opinion sufficient to require the judgment that was rendered.

Affirmed.