# UNITED STATES v. DANIEL F. YOUNG, Inc., et al.

District Court, S. D. New York.

June 26, 1942.

Mathias F. Correa, of New York City, U. S. Atty. (George B. Schoonmaker, of New York City, Asst. U. S. Atty., of counsel), for plaintiff.

B. A. Levett, of New York City, for defendants.

BRIGHT, District Judge.

The parties to this action have stipulated the facts and each now moves for summary judgment. From the stipulation it appears that on December 17, 1940, Daniel F. Young, Inc., as principal, and United States Guaranty Company, as surety, executed and

delivered to the plaintiff their bond in the penal sum of $50,000. It recited that the principal expects to enter imported articles at the Port of New York within a period of one year from January 11, 1941, and desires release of all or part of such articles prior to ascertainment by customs officers of the quantity and value thereof, and of the full amount of duties and charges due thereon, and prior to the decision by the proper officer as to the right of such articles to admission. It further provided that the obligation should be void if the principal "shall redeliver or cause to be redelivered to the order of the Collector of Customs, when demanded by such collector (the said demand to be made not later than twenty (20) days after the appraiser's report), such of the merchandise as was not sent to the public stores * * *; or if, in the event of failure to comply with any or all of the conditions hereinabove referred to, he shall pay the said collector an amount equal to the value of said articles as set forth in said entry, plus the duty thereon."

On March 27, 1941, Young imported certain merchandise which was not sent to the public stores. On April 1, 1941, Young made declaration in writing that it was not the actual owner of the merchandise and that Brooklyn Perfex Corporation was. On April 9, 1941, the appraiser made a report as to the merchandise by which the rate of duty was advanced by the sum of $13.80. On April 12, 1941, the Collector of Customs made demand upon Young for redelivery of the merchandise unless the $13.-80 was paid within ten days, and in default of delivery within twenty days, it would be liable to liquidated damages in the amount stated in the bond. On April 17, 1941, and within ninety days from the entry of the merchandise, Young filed with the Collector of Customs a declaration of Brooklyn Perfex Corporation that it was the owner of the merchandise in question and would pay all additional and increased duties thereon. The $13.80 has not been paid, the merchandise has not been redelivered, and its value is $69. There was thus a breach of the conditions of the bond which would entitle plaintiff to recover, unless the contentions asserted by the defendants are valid.

The defendants ask dismissal, contending (1) that the bond is void in that it is not warranted in law and is unreasonable in terms, (2) that by the giving of the notice that Brooklyn Perfex Corporation was the real owner of the merchandise they were relieved from all liability for the payment of any additional or increased duties, and (3) that the bond is an indemnity bond and not a forfeiture bond and plaintiff would not be entitled to collect other than its actual damages.

The form of this bond was originally specifically provided for in Section 486 of the 1922 Tariff Act, 42 Stat. 962, 19 U.S.C.A. § 358. When Congress enacted the 1930 Tariff Act (Act of June 17, 1930 c. 497) that section was repealed. In place of it was enacted Section 623 (19 U.S.C.A. § 1623, as amended June 25, 1938) which authorized the Secretary of the Treasury, in any case in which bond or other security is not specifically required by law, to require by regulation, or authorize collectors of customs to require, "such bonds or other security as he, or they, may deem necessary for the protection of the revenue or to assure compliance with any provision of law, regulation, or instruction which the Secretary of the Treasury or the Customs Service may be authorized to enforce"; and in such cases each may "prescribe the conditions and form of [the] bond." "No condition in any bond * * * shall be held invalid on the ground that such condition is not specified in the law, regulation, or instruction authorizing or requiring the taking of such bond".

Defendants' contention is that because Congress repealed Section 486 of the 1922 Tariff Act, which prescribed the bond in practically the same terms as that in question here, it expressed its dissatisfaction with such form and denied its use in the future; and that because the Secretary of the Treasury, in his regulations under the 1930 Act prescribed the very form, now signed by the defendants and formerly expressly authorized by the 1922 Act, he has run counter to the order and declaration of Congress and the bond is void; or failing in that contention, that its provisions are certainly unreasonable and unenforceable.

I can see nothing in this contention. Congress obviously did not prohibit the use of the old form of the bond by any statutory requirement in the Act of 1930. If anything, in my judgment, rather than the restricted power as to the form of the bond contained in the former statute, it gave full power to the Secretary of the Treasury to require the old form or any other form of a bond which he might deem necessary. The defendants did not have to sign the bond. They did so to facilitate their use and further distribution of the imported merchandise and to avoid whatever delay

might ensue in its examination, and should be bound by the written instrument executed and delivered to the customs authorities for that accommodation.

Its terms and conditions cannot be said to be in any way arbitrary, unreasonable or illegal. United States v. Dieckerhoff, 202 U.S. 302, 309, 26 S.Ct. 604, 50 L. Ed. 1041. The Tariff Act expressly forbids delivery from customs custody any imported merchandise except under such bond or other security as may be prescribed by the Secretary of the Treasury, until it has been inspected, examined or appraised, 19 U.S.C.A. § 1499, as amended June 25, 1938, 52 Stat. 1084.

Section 483 of the 1930 Act, 19 U.S.C.A. § 1483, provides that all property imported into the United States shall be held to be the property of the person to whom the same is consigned. But he shall not be liable "for any additional or increased duties if (1) he declares at the time of entry that he is not the actual owner of the merchandise, (2) he furnishes the name and address of such owner, and (3) within ninety days from the date of entry he produces a declaration of such owner conditioned that he will pay all additional and increased duties." Act of 1930, § 485(d), 46 Stat. 724, 19 U.S.C.A. § 1485(d).

It is stipulated here that Young did declare on April 1, 1941, as to the entry of merchandise in question on March 27, 1941, that he was not the actual owner, stated who the actual owner was and its address, and within ninety days after the entry filed with the Collector of Customs a declaration by the real owner and an assumption by him of payment of any additional and increased duties.

Defendants contend, therefore, that they cannot be held liable because such liability is based upon a claim for additional duties. The answer of the government is that the defendants are sought to be held liable for their breach of the conditions of their express contract in failing to return the merchandise or pay the value thereof plus the duty thereon.

It seems to me that the defendants have mistaken the remedy the government is seeking in this action. It does not ask to recover for a violation of the statute or for additional or increased duties. It asks judgment for a breach of the bond which by its terms definitely states what that judgment may be. The bond certainly does not release the defendants from paying duties. The statute does not release them from liability for a breach of the bond. The terms of the bond and not of the statute control here. This is not a suit to recover duties, but is founded upon an independent contractual obligation.

Finally it is contended that the bond given was an indemnity bond and not a forfeiture bond and that because thereof plaintiff is entitled to recover only actual damages. In view of the stipulation, I do not see how this attempt to differentiate as to the character of the bond can make any difference. It is stipulated that the value of the merchandise not returned is $69 and that the duty is $13.80, the total of which is sought to be recovered. This bond clearly does not authorize a recovery of the face amount of the bond in the event of a failure of its conditions, irrespective of the actual damage sustained. And no recovery beyond the actual damage specifically provided for in the bond is sought. Recovery, as here, was sustained in United States v. Dieckerhoff, 212 U.S. 302, 311, 26 S.Ct. 604, 50 L.Ed. 1041.

Judgment will, therefore, be directed in favor of the plaintiff for $82.80 with interest from May 2, 1941, together with costs.