FRESH GROWN PRESERVES CORPORATION et al. v. UNITED STATES.

No. 5252.

Circuit Court of Appeals, Fourth Circuit.
July 31, 1944.

Louis Halle, of New York City, for appellants.

Arthur A. Dickerman, Atty., Federal Security Agency, of Washington, D. C., and Henry H. Edens, Asst. U. S. Atty., of Columbia, S. C. (Claud N. Sapp, U. S. Atty., of Columbia, S. C., on the brief), for appellee.

Before PARKER, DOBIE, and NORTHCOTT, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is an action brought in the District Court of the United States for the Eastern District of South Carolina in September 1942, by the appellee, United States of America, here referred to as the plaintiff, seeking to recover the full penalty of a bond in the sum of $1,000 given by one of the appellants, Fresh Grown Preserve Corporation, here referred to as a defendant. The appellant The Century Indemnity Company, here referred to as a defendant, was the surety on the bond.

In December 1943, a trial was had and in February 1944 the trial judge handed down an opinion finding the facts and stating his conclusions of law holding for the plaintiff. Judgment was entered in accordance with this finding, from which judgment this appeal was brought.

In February 1941 the defendant Fresh Grown Preserve Corporation shipped to the Quartermaster at Fort Jackson, South Carolina, 600 cases, six cans in each case, of an article, labeled in part "Nature's Own Pure Strawberry Preserve" also "Blackberry, Peach and Cherry".

On April 16, 1941; a libel was filed, in the District Court of the United States for the Eastern District of South Carolina, entitled "United States of America, Libellant, v. 600 Cases, more or less," and the goods were seized. On May 14, 1941, no answer having been filed, an order was entered condemning said goods and directing their destruction by the Marshal. Before all of said goods had been destroyed, the defendant Fresh Grown Preserve Corporation intervened in the libel proceeding as the owner and shipper of said goods and filed a claim and a stipulation admitting the allegations of the libel, consenting to a decree of condemnation, and asking to be allowed to reclaim such of the goods as had not been previously destroyed for the purpose of relabeling them before putting them into the channels of commerce again.

On September 23, 1941, the court entered an order holding and decreeing that said goods were adulterated and were misbranded as alleged and ordering the forfeiture thereof; but providing that, in case the claimant should, within thirty days from the date of said decree, pay all the costs of said proceeding and execute and deliver to the libellant a good and sufficient bond in the sum of $1,000, conditioned as provided in said decree, the condemned goods should be released to the claimant.

The conditions of said bond or undertaking as required by said decree were as follows:

1. That claimant would, at its own cost and within thirty days, cause said libeled goods to be reshipped to the warehouse of the claimant in New Jersey and there relabeled under the supervision of the Food and Drug Administration so as to comply with the requirements of the Food, Drug, and Cosmetic Act of June 25, 1938, 21 U.S. C.A. § 301 et seq.

2. That the claimant would retain the entire lot of condemned goods intact for examination or inspection by a representative of the United States Federal Security Agency, and at all times maintain necessary records or other proof to identify said goods to the satisfaction of said representative.

3. That the claimant would notify the Federal Security Agency of its purpose to do so and then submit to the Agency's representative all of said goods at claimant's warehouse for the purpose of examination and inspection.

4. That the claimant would not, under any circumstances, ship or sell, or offer for shipment or sale, for human consumption, any part of said goods until a representative of said Federal Security Agency had been given free access to said goods for the purpose of inspection and he had released the same for sale.

5. That the claimant would pay $14 per day as salary or wages and $5 per day as subsistence and expenses for each day a representative of the Federal Security

Agency should be engaged in supervising or inspecting the relabeling of said goods.

6. That the claimant would abide by the decision of the representative of said Agency as to the proper relabeling of said goods, which decision should be final.

7. That the claimant would furnish evidence, by affidavit or otherwise, satisfactory to the Federal Security Agency, as to the relabeling of said goods, and file the same with the Clerk of this Court.

The bond was duly executed by the defendant Fresh Grown Preserve Corporation and by the defendant indemnity company as surety on September 30, 1941, and filed in the court November 4, 1941. 217 cases of the condemned goods were shipped from Columbia, South Carolina, to the defendant Preserve Corporation on November 2, 1941, and they were in due course received by said defendant at its warehouse in Lynhurst, New Jersey.

There was no further action in the libel proceeding until August 14, 1942, when appellants filed with the court a signed written stipulation, as follows:

"It is hereby stipulated and consented that the decree heretofore entered in the above entitled cause on the 23rd day of September, 1941, be amended to further provide: That the time for the claimant herein to relabel the merchandise in conformity with the decree entered herein, be extended to the 1st day of October, 1942, and that this extension is conditioned upon the claimant furnishing to the Food and Drug Division of the Federal Security Agency satisfactory evidence as to the disposition of the relabeled goods by furnishing said Food and Drug Division a duplicate of the invoice of the sale of such merchandise which said invoice shall contain the amount and description of the merchandise and the name and address of the purchaser.

"It is further stipulated that in the event that the said merchandise is not relabeled within the period of time as provided for in this stipulation, the claimant will not request a further extension."

On the date of the filing of this stipulation the court below entered a supplemental order in the libel proceeding reciting that the merchandise in question had been condemned and forfeited but giving leave to the claimant to repossess certain of said merchandise; that the claimant had not carried out all of the conditions prescribed in the order of the court below that were made the condition of said bond and further ordering that "the time for relabeling (said goods) in a manner satisfactory to the said Food and Drug Division and carrying out the other provisions relative to said relabeling and satisfying the said Division, be extended to the 1st day of October 1942," subject to the following proviso:

"* * * that the above extension is contingent upon the claimant paying all costs, disbursements and expenses due to or incurred by the Clerk of this court and by the Marshal of this court in connection with this cause * * * in full within ten days from the date hereof. Upon failure of such payment within such time then the extension hereinabove granted in this order shall become null and void and the District Attorney is directed to institute suit for the enforcement of the terms of the bond on file in this cause forthwith * *."

The costs required to be paid as a condition precedent to the extension of time asked for were not paid within the time specified in the last order of the court below. Thereafter, this action was brought.

Two questions are involved in the appeal: (1) Were the conditions of the bond breached? (2) Was the bond a penal bond or an indemnity bond?

■ That the conditions of the bond as originally given were breached is not open to dispute. The Preserve Corporation did not retain the entire lot of condemned goods intact for examination or inspection and did not notify the Federal Security Agency when they were ready to relabel the goods reclaimed. The Preserve Corporation also offered for shipment and sale part of said goods before a representative of the Federal Security Agency had been given free access to them for the purposes of inspection and did not furnish satisfactory evidence as to the relabeling of said goods.

It is claimed on behalf of the Preserve Corporation that the conditions of the bond were substantially complied with, but the judge below found this not to be a fact and we are of the opinion that his finding is not only based upon substantial evidence but is overwhelmingly supported by the evidence.

■ The Preserve Corporation claims to have relabeled the goods within thirty days after they were received but not under the supervision of the Food and Drug Administration, but that the Food and Drug

Administration adopted the view that the relabeling had been properly done. As pointed out by the judge below in his able opinion it is not probable that if the relabeling had already been done the Preserve Corporation would have, months later, in August 1942, filed a stipulation asking for a further extension of time in which to do the relabeling. Upon this point and considering other evidence the judge below found against the Preserve Corporation defendant.

It is also admitted that the costs, the payment of which within ten days from the date of the order of August 14, 1942, was required by said order, were not paid within the time specified and as again pointed out by the judge below this failure to comply with the conditions of the order as expressly stated in the order made null and void the privileges granted under the order to the Preserve Corporation. The record discloses that a few cases of the goods were destroyed or damaged.

The Preserve Corporation contends that the order of August 14, 1942, was a waiver by the Government of any breach of the conditions of the bond that had occurred prior thereto but do not contend that they paid the costs within the time specified in the order to make the decree of August 14, 1942, effective.

The whole history of what happened, as shown by the record, makes a picture of repeated efforts on the part of the Government, its attorneys and agents to aid the Preserve Corporation in reclaiming the goods and just as many negligent acts on the part of the Preserve Corporation to avoid complying with the conditions prescribed by the court. In fact very few of the conditions of the bond or the requirements made in the court orders were strictly complied with by the Preserve Corporation and there seems to be no room for excusing their course of conduct.

The conditions of the bond were breached and the conditions of the court order excusing these breaches were not complied with.

On the second question the court below held that the bond was a penal bond and not an indemnity one. In this holding the judge below was clearly right. We had occasion to discuss this question in Eagle In-demnity Co. v. United States, 4 Cir., 22 F. 2d 388, where we distinguished the case of United States v. Zerbey, 271 U.S. 332, 46 S. Ct. 532, 70 L.Ed. 973, chiefly relied upon by the defendants. The condition as to the payment of certain money was, of course, an indemnifying one but the breach of that condition is not charged.

The authorities are clear that where a bond is given to a public body as a condition of a privilege or conditioned on compliance with law, the full penalty of such bond may be recovered for a breach thereof, in the absence of statutory provision to the contrary. Clark v. Barnard, 108 U.S. 436, 2 S.Ct. 878, 27 L.Ed. 780; United States v. Dieckerhoff, 202 U.S. 302, 26 S.Ct. 604, 50 L.Ed. 1041; Eagle Indemnity Co. v. United States, supra.

In United States v. Dieckerhoff, supra [202 U.S. 302, 26 S.Ct. 607, 50 L.Ed. 1041], the court said:

"But we think the purpose of the statute and the purpose of the requirement in the bond provided for therein, and the one given in this case, was to secure the performance of the duty imposed of returning the package or packages, where an importer availed himself of the privilege of withdrawing merchandise from the custody of the governmental officials before it has been examined and appraised. * * *, we think it was the intention of the law to provide specific damages to be recovered upon the nonperformance of the duty imposed, and to secure a prompt and faithful discharge of which the statute provides for the giving of a bond. * * *

"We think such undertaking, for this manner of discharging this duty, or paying the value stipulated, was intended to and does relieve the government from the necessity of showing any actual damage or loss."

The Preserve Corporation was violating the law in shipping adulterated goods and showed no appreciation of the various efforts made to assist it in reclaiming and reconditioning the goods.

The findings of the judge below that the conditions of the bond were breached and that the bond was a penal one were correct and the judgment of the court below is accordingly affirmed.

Affirmed.