UNITED STATES, PLAINTIFF *v.* BORGE INTERNATIONAL, INC. A/K/A BORGE INTERNATIONAL AND AMERICAN MOTORISTS INSURANCE CO., DEFENDANTS

Court No. 84–10–01390

Before CARMAN, *Judge.*

(Decided October 4, 1985)

*Richard K. Willard,* Acting Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division (*Jerry P. Wiskin* on the motion) for the plaintiff.
*Mark Bendet,* attorney for defendant Borge International.

*Harvey Barrison,* attorney for defendant American Motorists Insurance Co., on the cross-motion.

CARMAN, *Judge:* Before the Court is a liquidated damages suit involving two substantive motions: one by plaintiff United States for summary judgment against the defendants, along with pre- and post-judgment interest and costs, and the other, a cross-motion by co-defendant American Motorists Insurance Co., for judgment on the pleadings against defendant Borge International, Inc.

Plaintiff also moves for amendment of defendant's caption title from "Borge International" to "Borge International, Inc. a/k/a/ Borge International," which motion being unopposed is hereby granted.

## FACTS

Borge International, Inc. (Borge) executed and delivered to the United States Customs Service (Customs) three (3) Immediate Delivery and Consumption Entry Bonds, signed by co-defendant American Motorists Insurance Company (American Motorists) as surety. The bonds secured performance with respect to shipments of calcium pangamate. Two of the bonds were written in the amount of $7,500.00 and the third bond is for $7,000.00.

The terms of the bonds are identical, stating that Customs will release the imported merchandise prior to ascertaining its admissibility if the principal desires, but that if the merchandise is found not to comply with the laws and regulations governing admission, the principal must dispose of the merchandise as Customs directs. The bonds further provide that upon default of their terms the principal shall pay liquidated damages in accordance with applicable laws and regulations.

Each of the bonds was signed by Kuehne & Nagel, Inc., Borge's lawful agent, acting by power of attorney. Each bond was also signed by American Motorists as surety.

Subsequent to the entry and sampling of the calcium pangamate, Customs released the merchandise to Kuehne & Nagel, Inc. The United States Department of Health & Human Services, Food & Drug Administration (FDA) later determined that the samples taken violated the federal Food, Drug & Cosmetic Act (FDCA). The FDA determined that the articles were improperly labeled in that the directions were "false and misleading" with respect to the nutritional value of the calcium pangamate.

Prior to rejecting the three entries, the FDA issued a notice of detention and hearing addressed to Borge, advising Borge that the merchandise must be exported under Customs' supervision within ninety (90) days. Borge did not export the calcium pangamate, nor did it file a protest against the refusal of admission of the imported merchandise as it was permitted to do under 19 U.S.C. § 1514(a)(4). Plaintiff brings this action for violation of the FDCA, section 801(a)(3), 21 U.S.C. § 381 (1982), and seeks liquidated damages

against Borge and American Motorists, claiming they are jointly and severally indebted to the United States under the executed bonds.

Plaintiff moves for summary judgment pursuant to rule 56, Rules of the United States Court of International Trade, submitting copies of the bonds, notices of detention and hearing, refusals of admission and notices of liquidated damages for failure to export.

Borge opposes the summary judgment motion, raising four separate defenses. Borge assets that 1) Borge exercised no control on dominion over the merchandise; 2) Borge was not given actual notice of critical developments by plaintiff; 3) plaintiff, through its agencies, acted arbitrarily and capriciously by refusing Borge's petitions for mitigation of liquidated damages; and, 4) such damages are unjust and unconscionable, bearing no relation to the actual damages sustained.

Defendant American Motorists, surety on the entry and consumption bonds, cross-moves for judgment on the pleadings, praying for dismissal of the complaint, or in the alternative, that there be judgment over against Borge for the amount of the judgment plus all costs, expenses and attorneys fees. American Motorists attached to its motion a copy of an indemnity agreement executed by Borge holding American Motorists as surety harmless from any and all losses sustained by reason of any breach of the bonds' terms. Defendant Borge apparently does not oppose American Motorists' motion in the event the Court grants plaintiff's motion for summary judgment.

## OPINION

Summary judgment may be granted only when there are no material issues of fact in dispute. *S.S. Kresge Co.* v. *United States,* 77 Cust. Ct. 154, 157, C.R.D. 76–6 (1976). "The Court cannot try issues of fact; it can only determine whether there are issues to be tried." *Heyman* v. *Commerce & Industry Insurance Co.,* 524 F.2d 1317, 1319 (2d Cir. 1975). Rule 56(f), Rules of the United States Court of International Trade, states that the party opposing the summary judgment motion must set forth facts showing there is a genuine issue for trial. Failure to controvert factual statements made in the context of a summary judgment motion is fatal to the opponent. *Suwanee Steamship Co.* v. *United States,* 79 Cust. Ct. 19, 21, C.D. 4708 (1977). The adverse party must proffer specific facts by way of affidavit or deposition to effectively oppose a summary judgment motion. Mere formal denials or general allegations creating the appearance of dispute without setting forth specific facts are not sufficient to raise a genuine issue of triable fact. *Royal Bead Novelty Co., Inc.* v. *United States,* 68 Cust. Ct. 154, 156 C.D. 4353 (1972).

In the present case, it is beyond contention that Borge International breached the terms of the three Immediate Delivery & Consumption Entry Bonds when it failed to export the merchandise within 90 days of the Notice of Refusal of Admission. Rather, Borge attempts

to avoid liability by raising defenses to the claims. Even as to the factual bases of Borge's defenses, however, there are no triable issues.

Paragraph seven of the entry and consumption bond states: "In the case of any and all merchandise found not to comply with the law * * * the above-bounden principal after proper notice shall fumigate, destroy, export and do any and all other things in relation to said merchandise." Borge, being given notice of detention and hearing, and having received notice of refusal of admission, had an affirmative duty to act in compliance with the FDA's directives.

Plaintiff's allegations, as set forth in its complaint and motion for summary judgment, supported by exhibits, leave no doubt that Borge violated the bond agreements. Borge raises four defenses, none of which present triable issues of fact.

Borge first claims that it should not be held accountable under the bonds for the release of the calcium pangamate because it exercised no dominion or control over the substance, which was released to its agent, Kuehne & Nagel, Inc. and thereafter delivered to the ultimate consignee, Medco Sales. Borge contends that since it was not the ultimate consignee of the goods, it was not the real party in interest. The fact remains, however, that the calcium pangamate recorded by the bonds was released to Borge as importer of record. Borge was listed as importer on the Immediate Delivery applications, and Borge's identification number was listed as the importer of record and ultimate consignee number on the Entry Record.

Borge contends that it acted only as agent for a company that was the real party in interest and took title to the merchandise. Even if true, this contention is no defense. 19 U.S.C. § 1483 (1) (1982) states that "[a]ll merchandise imported into the United States shall be held to be the property of the person to whom the same is consigned." Moreover, 19 U.S.C. § 1484(a)(1) provides that only the consignee/importer of record or an authorized agent can control the shipment, file the documentation, and make entry respecting the merchandise. Finally, in *United States* v. *Daniel F. Young, Inc.,* 46 F.Supp. 373 (S.D.N.Y. 1942), *aff'd,* 134 F.2d 413 (2d Cir. 1943), the court held that an importer and surety were not released from liability for breaching a bond in failing to return merchandise or pay value plus duty, even though the importer had made a written declaration stating that he was not the actual owner, and had furnished the name and address of the actual owner. Borge is thus liable on the bonds it signed, regardless of who ultimately took actual control of the merchandise.

Borge also claims that it did not receive actual notice of detention. However, Borge's petition to the Commissioner of Customs, appended to Borge's opposition papers, acknowledges receiving notice of detention. Furthermore, the affidavit of Joseph Failire, an official with the FDA, states that the notices of detention and hearing were issued and mailed. There is a presumption that notices entrusted to

the mails reach their destination. *Benito Fernandez Pantoja* v. *United States,* 83 Cust. Ct. 170, 173, C.R.D. 79–17 (1979).

Borge further contends that plaintiff, through its agencies, acted arbitrarily and capriciously by refusing defendant's petitions for mitigation of liquidated damages. Borge states that plaintiff's decision to deny its petition is not rational because plaintiff refused to consider the alleged lack of notice and absence of control or dominion over the goods.

A petition for mitigration is addressed to the discretion of the Commissioner of Customs or his delegee. *Cf. Contronificio Bustee, S.A.* v. *Morganthau,* 121 F.2d 884 (D.C. Cir. 1941). Judicial review of such a discretionary determination is limited. If an action is discretionary and the administrative decision is not contrary to law and has a rational basis in fact, the Court cannot substitute its discretion for that of the administrator. *Suwanee Steamship Co., supra,* at 23–24. Borge has failed to allege facts which raise an issue as to the lawfulness of the agency action or the presence of a factual basis supporting the action.

Finally, Borge contends that the liquidated damages claimed by plaintiff are punitive in nature rather than compensatory and bear no relation to the actual damages sustained. Borge further states that liquidated damages are factual in nature, and can be decided only at trial.

In this case, total liquidated damages are assessed at twenty thousand eight hundred seven dollars and twenty-eight cents ($20,807.28), the components of which are the assessed liquidated damages of six thousand nine hundred thirty-five dollars and seventy-six cents ($6,935.76) for each of the three entry bonds. The individual figures of $6,935.76 are comprised of the entered value of the merchandise, being $6,669.00, added together with the assessed duty of $266.76.

Since Borge agreed to the manner in which the liquidated damages were to be assessed, it cannot now be heard to complain about the collection of the amount agreed upon. *John diGiorgio* v. *United States,* Slip Op. 84–107 (Sept. 27, 1984). The Court does not find these figures to be beyond the scope of reason. Moreover, the merchandise involved here was found to violate the FDCA, and as such constituted a danger to the public health and welfare. Thus, Borge cannot argue that the damages bear no relation to any loss suffered by the government.

Since Borge raises no triable issues of fact, plaintiff's summary judgment motion is granted.

Co-defendant American Motorists Insurance Co. cross-moves for judgment on the pleadings against Borge International. American Motorists' claim rests on an indemnity agreement executed by Borge. The agreement obligates Borge to hold American Motorists, as surety, harmless against any and all liability incurred by reason of the breach of a bond, including costs and attorney's fees. Borge

apparently does not oppose this motion in the event the court grants plaintiff's summary judgment motion. Co-defendant American Motorists' motion for a judgment on the pleadings over against Borge is therefore granted. American Motorists is also awarded costs and attorney's fees, as provided by the agreement.

### Award of Pre- and Post-Judgment Interests and Costs Against Defendants

No specific statute provides for the recovery of pre-judgment interest in an action of this nature. The award of pre-judgment interest is therefore within the discretion of the court. *United States* v. *Atkinson,* 6 CIT 257, 575 F.Supp. 791, 795 (1983), *aff'd,* 748 F.2d 659 (1984). It is the opinion of the Court that no pre-judgment interest should be awarded.

Plaintiff is, however, entitled to any post-judgment interest which may accrue in accordance with 28 U.S.C. § 1961 *United States* v. *Servitex, Inc.,* 3 CIT 67 (1982).